# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJID KAMFIROOZIE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 20-cv-1267-BAS-AHG <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (ECF No. 3)** |

Plaintiffs Majid Kamfiroozie and Caroline Kamfiroozie own a multi-million house in San Diego County, which is insured by Defendant Federal Insurance Company ("Federal"), an Indiana Corporation with its principal place of business in New Jersey. In 2019, the Kamfiroozies's house suffered water damage. The Kamfiroozies filed an insurance claim with Federal and requested for an allowance to pay for substitute housing. Federal and their agents, Joseph McNeil and Courtney Fenstra, allegedly mishandled the claim by failing to timely respond to the Kamfiroozies, assessing the repair cost at an unreasonably low amount, and imposing unreasonable conditions on the substitute housing allowance, among others. The Kamfiroozies sued Federal, McNeil, and Fenstra in state court. After Federal removed the case to federal court and moved to dismiss the action, the Kamfiroozies filed a notice of voluntary dismissal, and the Court dismissed the case

without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Within three months, the Kamfiroozies filed the present action in state court, and Federal removed the action to federal court. The Court is asked to decide whether the action should be remanded to state court for lack of complete diversity because McNeil and Fenstra are domiciled in California, as are the Kamfiroozies. The Court finds Plaintiffs' motion to remand suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the Kamfiroozies's motion to remand.

I.  **BACKGROUND**[1]

The Kamfiroozies are residents of San Diego County. (Compl. ¶¶ 3–4, 17 ECF No. 1-2.) Their multi-million-dollar home was insured by Defendant Federal Insurance Company, an insurer domiciled in Indiana, which has its principal place of business in New Jersey. (*Id.* ¶¶ 13–14.) On April 11, 2019, the house suffered water damage, making it uninhabitable, especially considering the Kamfiroozies' young children and Mrs. Kamfiroozie's pregnancy. (*Id.* ¶¶ 16–17.) The Kamfiroozies filed a claim with Federal. (*Id.* ¶ 18.) Defendants Chubb Claim Service, McNeil, and Fenstra administered the claim. (*Id.*) McNeil and Fenstra both have been domiciled in California at all times relevant to this action. (*Id.* ¶¶ 6–7.)

According to the Kamfiroozies, McNeil failed to respond to their phone calls in a timely manner. (Compl. ¶ 22.) During the time when they were not able to obtain substitute housing, the Kamfiroozies were forced to live in one room with their children: an infant, a toddler, and a new-born. (*Id*. ¶¶ 17, 23.)

On May 18, 2019, McNeil notified the Kamfiroozies that Federal estimated the cost to repair the house to be $46,995.14, which was not satisfactory to the Kamfiroozies. (*Id.* ¶ 25.) The Kamfiroozies contacted Fenstra to request a new adjuster, and Fenstra visited the Kamfiroozies' house on July 16, 2019. (Compl. ¶¶ 26–27.) Fenstra promised the

---

[1] The facts are taken from the removed Complaint. (ECF No. 1-2.)

Kamfiroozies that a new adjuster would be assigned to administer their claim, but the promise was not kept, and McNeil continued to manage their claim. (*Id.* ¶¶ 27–28.) On August 7, 2019, Defendants notified the Kamfiroozies of a new estimate of $162,410.50, more than three times the initial estimate provided by McNeil. (Compl. ¶ 29.)

Federal approved the Kamfiroozies's request for substitute housing allowance in May 2019. (*Id.* ¶ 24.) Federal allegedly agreed to pay the Kamfiroozies a monthly allowance of $45,204 to subsidize short-term housing, for as long as the house remained uninhabitable. (Compl. ¶ 31.) The Kamfiroozies allege that Federal subsequently imposed conditions that were not part of the insurance policy, requiring the Kamfiroozies to find substitute housing only in the San Diego area, among other limitations. (*Id.* ¶¶ 32–33.) They also allege that Defendants attempted to limit the reimbursement of the living expenses for the period that the house was being repaired, not to extend beyond November 8, 2019, although the insurance policy stated that the insureds were entitled to be reimbursed for the living expenses from the date of loss until the repairs were completed. (*Id.* ¶¶ 35–41.)

On December 16, 2019, the Kamfiroozies filed the initial suit in the Superior Court of California in the County of San Diego. *See Kamfiroozie et al. v. Federal Ins. Co.*, *et al.*, S.D. Cal. Civil Case No. 3:20-cv-128-BAS-AHG ("*Kamfiroozie I*") (Ex. A to Notice of Removal, ECF No. 1-2, filed Jan. 17, 2020). Against Federal, the Kamfiroozies raised claims of breach of contract, breach of implied covenant of good faith and fair dealing, failure to properly investigate a claim, and breach of contractual duty to pay a covered claim. *Id.* ¶¶ 47–69. Against all Defendants, including McNeil and Fenstra, the Kamfiroozies raised a claim of failure to properly investigate a claim. *Id.* ¶¶ 59–65. Federal removed the action to federal court based on original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. *Kamfiroozie I* (ECF No. 1, filed Jan. 17, 2020). The Kamfiroozies filed an amended complaint, adding claims of negligent misrepresentation and intentional infliction of emotional distress against all Defendants. *Kamfiroozie I* (Am. Compl. ¶¶ 70–101, ECF No. 6, filed Jan. 29, 2020). Federal moved to dismiss the action,

and the Kamfiroozies filed a notice of voluntary dismissal of the entire action without prejudice under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *Kamfiroozie I* (ECF No. 8, filed Feb. 12, 2020; ECF No. 9, filed Feb. 13, 2020). The Court dismissed the action without prejudice. *Kamfiroozie I* (ECF No. 10, filed Feb. 18, 2020). Defendants did not appeal the dismissal.

On May 26, 2020, the Kamfiroozies filed the present action in the Superior Court of California in the County of San Diego. (Compl.) Against Federal, the Kamfiroozies raised claims of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of contractual duty to pay a covered claim; and against all Defendants, they raised claims of failure to properly investigate a claim, negligent misrepresentation, and intentional infliction of emotional distress. (*Id.* ¶¶ 46–100.)

Defendants removed this action to federal court on July 7, 2020, on the basis of diversity of citizenship. (Notice of Removal, ECF No. 1; 28 U.S.C. §§ 1332, 1441.) Although McNeil and Fenstra are California residents, Defendants argue that Plaintiffs cannot establish liability against McNeil and Fenstra because they were at all relevant times employees of Federal and no bad faith action lies against them. (Notice of Removal ¶ 11.)

Plaintiffs now move to remand this action to state court. (Mot. Remand, ECF No. 3.)

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the

defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The propriety of removal turns on whether the case could have originally been filed in federal court, *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997), and the court's analysis focuses on the pleadings "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

### III.  ANALYSIS

For the court to have original diversity jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship must exist among the adverse parties. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). The Kamfiroozies argue that complete diversity is lacking in this case because McNeil and Fenstra have been domiciled in California at all times relevant to this litigation. Defendants do not dispute that McNeil and Fenstra are not diverse from the Kamfiroozies; Defendants argue instead that the propriety of the removal should be determined based on the filings in *Kamfiroozie I*, and based on those filings, McNeil and Fenstra were fraudulently joined.

As an initial matter, Defendants' argument that the removability should be determined based on the filings in *Kamfiroozie I* is without merit. Under Rule 41(a)(1)(B), a plaintiff may voluntarily dismiss their claims before the opposing party serves either an answer or a motion for summary judgment "without prejudice, unless the plaintiff previously dismissed any federal- or state-court action based on or including the same claim[s]." Fed. R. Civ. P. 41(a)(1)(B). Where, as here, the plaintiff files the notice of

dismissal before the defendant files an answer or moves for summary judgment, the dismissal need not be approved by court order. Fed. R. Civ. P. 41(a)(1)(A)(ii). If the action is dismissed without prejudice, the plaintiff is free to refile its action, and "the defendant remains subject to the risk of re-filing." *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008).

Further, the well-pleaded complaint rule "makes the plaintiff the master of the claim," and the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). While post-answer dismissals without prejudice must be made after considering whether the motion for voluntary dismissal is "an improper forum-shopping measure,"[2] the procedural posture in *Kamfiroozie I* did not involve a post-answer dismissal. There, the notice of voluntary dismissal was filed before an answer was filed. There was no previously dismissed action based on or including the same claim raised in *Kamfiroozie I*. The Court did not impose any condition when dismissing the claims without prejudice under Rule 41(a)(1). *Kamfiroozie I* (Order, ECF No. 10, filed Feb. 18, 2020). Having been properly dismissed without prejudice, *Kamfiroozie I* is of no import in determining whether the removal is proper in the present action. Therefore, the Court rejects Defendants' argument that the removability should be determined based on the filings in *Kamfiroozie I*.

Rather, "removability is determined from the record before the court at the time the notice of removal is filed in federal court." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (Rev. 4th ed.); *see Strotek Corp.*, 300 F.3d at 1131. The relevant inquiry is whether there was complete diversity of citizenship at the time Defendants removed this action, on July 7, 2020. There was not. Defendants do not dispute that, at all relevant times, the Kamfiroozies, McNeil, and Fenstra have been domiciled in California.

---

[2] *See Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011).

Defendants argue instead that the Court should ignore the lack of complete diversity because Plaintiffs fraudulently joined McNeil and Fenstra. As an exception to the requirement for complete diversity, the court may ignore the presence of non-diverse defendants if they are fraudulently joined. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).) Courts apply a general presumption against fraudulent joinder. *Id.* at 1046. In other words, the party seeking removal bears a "heavy burden" to show fraudulent joinder. *Id*.

The issue is whether it is obvious under California law that Plaintiffs fail to state a cause of action against McNeil and Fenstra. To make that showing, Defendants must establish that none of the three claims that Plaintiffs raise—failure to investigate, negligent misrepresentation, and intentional infliction of emotional distress—are viable. Defendants do not meet their burden because it is not obvious under California law that Plaintiffs fail to state a cause of action for negligent misrepresentation against McNeil and Fenstra. Negligent misrepresentation is a tort that "encompasses '[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true', and '[t]he positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.'" *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 174 (2003) (citing Cal. Civ. Code §§ 1572, 1720). "The elements of negligent misrepresentation are (1) a misrepresentation of a past or existing material fact, (2) made without reasonable ground for believing it to be true, (3) made with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Bock v. Hansen*, 225 Cal. App. 4th 215, 231 (2014) (citing *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 196 (2012)).

The Kamfiroozies allege that Defendants made at least four misrepresentations about the terms of their insurance policy: (1) the conditions for the monthly allowance for extra living expenses; (2) the time to receive extra living expenses; (3) the time to repair the

house; and (4) the estimated cost to repair the house. First, McNeil allegedly misrepresented that the Kamfiroozies would receive a monthly allowance of $45,204 for as long as their house was uninhabitable, in an email dated August 19, 2019, but Defendants later imposed arbitrary conditions that were not part of the insurance policy. (Compl. ¶¶ 71–72.) Second, McNeil and Fenstra misrepresented the policy, in a letter sent on or about September 25, 2019, by stating that the Kamfiroozies are not entitled to extra living expenses outside the repair period, between when the repair began and ended, although the policy read that the insureds are entitled to the extra living expenses "from the date of the loss until the repairs were completed." (*Id.* ¶ 73.) Third, McNeil and Fenstra allegedly misrepresented that the policy limited the time to repair the house to 90 days, which must begin immediately upon the issuance of payment to Plaintiffs for the repairs—although the policy did not contain such restrictions.[3] (*Id.* ¶ 74.) Fourth, McNeil allegedly prepared a false claims report and misrepresented to Plaintiffs that the estimated cost to repair the house was $46,995.19, which was less than a third of the ultimate estimate. (*Id.* ¶¶ 75–76.) The Kamfiroozies allege that they reasonably relied on Defendants' misrepresentations, which delayed the reimbursement of the substitute living expenses and the completion of the repair, causing them severe emotional distress. (*Id.* ¶¶ 80–83.)

Based on these allegations, the Court is not persuaded that it is obvious under California law that Plaintiffs fail to state a cause of action for negligent misrepresentation against McNeil and Fenstra. To the extent that Defendants argue that a negligent misrepresentation claim cannot be stated against claim adjusters acting as Federal's employees, California courts have denied a similar argument. *See, e.g.*, *Bock*, 225 Cal. App. 4th at 231 (holding that the plaintiffs stated a claim of negligent misrepresentation against their claim adjuster by alleging that the adjuster falsely told the plaintiffs that their policy did not cover certain costs).

---

[3] McNeil and Fenstra allegedly made these statements in the letters dated September 25, 2019, and October 14, 2019. (Compl. ¶ 74.)

Defendants have not shown that it is obvious under California law that Plaintiffs fail to state a cause of action against McNeil and Fenstra.[4] Defendants do not overcome the heavy presumption against fraudulent joinder. Defendants do not dispute that McNeil and Fenstra have been domiciled in California at all relevant times, as were the Kamfiroozies. Defendants did not carry their burden to establish original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Defendants do not allege any other basis that would support federal jurisdiction. Therefore, the Court finds that removal is improper and grants Plaintiffs' request to remand this action.

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion to remand. (ECF No. 3.) The Court **REMANDS** this action to the San Diego County Superior Court for lack of subject matter jurisdiction.

All pending motions in this action are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED: October 21, 2020**

Hon. Cynthia Bashant
United States District Judge

---

[4] The Court need not reach the other two claims, failure to investigate and intentional infliction of emotional distress, to determine whether McNeal and Fenstra have been fraudulently joined.